## IN THE UNITED STATES COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| RANDAL L. DELBRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Docket No.** |
| ) | **JURY DEMAND** |
| STATE OF TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, RANDAL L. DELBRIDGE, and for cause of action against Defendant, STATE OF TENNESSEE, would show this Honorable Court as follows:

### I. JURISDICTION AND PARTIES

1. The Plaintiff was a citizen and resident of Rutherford County, Tennessee at the time of the incidents contained herein.

2. The Defendant, State of Tennessee ("State") was his employer for sixteen years prior to this cause of action.

3. The Plaintiff would submit that, at all times hereto, the Defendant was a covered "employer" subject to Title VII of The Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act on 1990.

4. The Plaintiff would further submit, at all times material hereto, he was an employee of the Defendant, subject to the rights and protections set forth in Title VII of

the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act on 1990.

5. The Plaintiff would respectfully submit he has met all conditions precedent of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act on 1990 in that:

   A. A charge of employment discrimination on the basis of the Plaintiff's age and disability was filed with the Equal Employment Opportunity Commission ("EEOC") within three hundred (300) days of the commission of the last unlawful practice alleged herein;

   B. A Notice of the Plaintiff's right to sue was received from the EEOC on or about September 26, 2019;

   C. This complaint was filed within 90 days of the receipt of his right-to-sue letter; and

   D. This complaint was voluntarily dismissed without prejudice on January 29, 2023.

6. The Plaintiff invokes the jurisdiction of this Court pursuant to Title VII of the Civil Rights Act of 1964. The Plaintiff would further submit this Court maintains jurisdiction of claims made under the Tennessee Human Rights Act, TCA section 4-1-121, *et seq.*, pursuant to 28 U.S.C sec. 1367.

## II. STATEMENT OF FACTS

7. The Plaintiff would adopt and re-state the allegations contained in paragraphs 1-6 as if fully set forth herein.

8. The Plaintiff was hired by the Defendant on or about 2002 as a full time employee.

9. The Plaintiff performed well in his job and received favorable job evaluations until he began having disagreements because of his status as an at home employee.

10. Plaintiff had an open and notorious impediment to mobility made most obvious by returning reliance of a walking cane in 2017 and 2018. This history and condition was known to his employer to span the decade past and had corrective surgery in approximately 2010.

11. Plaintiff was allowed to participate in an Alternate Work Station (AWS) program as were most if not all other members of his department. The extent of the Title I accommodation was nothing more than extending an already existing State of Tennessee program from three to five days. While there was no clearly defined existing policy on how to request an ADA Title I accommodation in 2018, Plaintiff's request was clear, succinct and repeatedly requested, both orally and in writing. These requests clearly met any requirement and the preexistence of deployed AWS overcomes any undue burden.

12. Plaintiff, to his knowledge, had received no formal write ups or reprimands to his termination. In fact, Plaintiff was not aware of any dissatisfaction with his performance, real or specious, until the date of his termination.

13. The Plaintiff is over 40 years of age and has a disability, in that he has a severe lower extremity condition that prevents him from sitting for long periods of time including driving.

## COUNT I
## CIVIL RIGHTS CLAIMS

14. The Plaintiff would adopt and re-state the allegations set forth in paragraphs 1-13 as if fully set forth herein.

15. The Plaintiff would submit, at all times material hereto, that he was a qualified individual and the laws set out in Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act on 1990 apply to him and that he is protected under these laws.

16. Plaintiff submits that the State, his employer, violated his constitutional rights by discriminating against his for his age and / or his disability.

17. Furthermore, the Plaintiff would submit that his attempt to notify his supervisors of the Civil Right violations resulted in his removal and subsequent termination. Thus, the Plaintiff would submit the motive for his termination was retaliation for his efforts to seek a reasonable accommodation for his age and disability.

18. In the alternative, the Plaintiff would submit that his termination was motivated by the Defendant's desire to obviate its requirements set out in the Civil Rights Act and the Age Discrimination in Employment Act (ADEA).

19. In sum, the Plaintiff would submit the Defendant discriminated against him because of his age and disability. Finally, the Plaintiff would submit the Defendant's proffered non-discriminatory reasons for termination have been pre-textual.

20. As a direct and proximate result of the Defendant's actions, the Plaintiff has been injured and / or damaged, including, but not limited to, lost wages, lost benefits, emotional stress, embarrassment and humiliation, and other damages.

## COUNT II
## STATE HUMAN RIGHTS CLAIM

21. The Plaintiff would adopt and re-state the allegations contained in paragraphs 1-20 as if fully set forth herein.

22. The Plaintiff would submit, at all times material hereto, he was a covered individual and employee and was protected by the Tennessee Human Rights Act.

23. Furthermore, the Plaintiff would submit he is, and was, able to perform the required job. Plaintiff states that all other members of his department were allowed to work from home and that he was singled out and required to report to his office because he had raised objections and had called out discrimination to another employee and his alleged insubordination was actually whistleblowing and that his removal was retaliatory.

24. Finally, the Plaintiff would submit the Defendant knowingly discriminated against the Plaintiff because of his age and disability.

25. That the actions and conduct of the Defendant violate the Tennessee Human Rights Act, T.C.A section 4-21-101, *et seq.*

26. As a direct and proximate result, the Plaintiff suffered the damages set forth in paragraph 28 of his complaint.

## III. PRAYER

**WHEREFORE PREMISES CONSIDERED** the Plaintiff would pray this Honorable Court for the following relief:

A. That process issue upon the Defendant and it be required to file an answer within the time period prescribed by law;

B. That a jury be empaneled to hear and decide all issues triable;

C. That the Plaintiff be granted a judgment against the Defendant for all compensatory damages he may show himself entitled upon the final trial of this cause;

D. That the Plaintiff be granted a judgment against the Defendant for all punitive damages he may show himself entitled upon the final trial of this cause;

E. That the Plaintiff be granted his reasonable attorney fees pursuant to 42 USC section 12205; and

F. That the Plaintiff be granted such other general relief to which he may show himself entitled upon a final trial in this case.

**RESPECTFULLY SUBMITTED** this the 28th day of January 2024.

Daniel L. Graves II BPR #27261
Attorney for the Plaintiff

PO Box 398
Murfreesboro, TN 37133-0398
(615) 896-4154
615-896-4152 Fax
dlgraves@bfhelaw.com

## OATH

**STATE OF TENNESSEE** )
**COUNTY OF RUTHERFORD** )

Comes now the Plaintiff, RANDAL L. DELBRIDGE, being first duly sworn according to the law, make oath that the facts stated in the foregoing Complaint are true to the best of his knowledge and belief; that his Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in said Complaint; and that she is entitled to the redress sought.

_____
RANDAL L. DELBRIDGE

Sworn and subscribed before me on this 29th day of January 2024.

_Rebecca L Monroe_
Notary Public

My Commission Expires: _10-16-27_