IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANDAL L. DELBRIDGE, | ) |
| Plaintiff, | ) |
| | ) NO. 3:24-cv-00094 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| STATE OF TENNESSEE, | ) MAGISTRATE JUDGE HOLMES |
| Defendant. | ) |

**MEMORANDUM**

Pending before the Court is a motion to dismiss the Amended Complaint filed by Defendant State of Tennessee under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 22). Plaintiff Randal L. Delbridge filed a response (Doc. No. 24), and Defendant filed a reply (Doc. No. 28). For the reasons stated herein, the motion will be **GRANTED**.

### I. BACKGROUND

Plaintiff Randal L. Delbridge filed suit under the Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Tennessee Human Rights Act ("THRA") against the State of Tennessee, seeking money damages for alleged discrimination and retaliation.[1] (Am. Compl., Doc. No. 14). Specifically, Plaintiff alleges that a physical disability impacted his ability to work for Defendant without accommodations and that Plaintiff was both denied accommodations and

---

[1] Plaintiff initiated an earlier lawsuit against the State of Tennessee in December 2019, by filing a complaint that is virtually identical to the Amended Complaint filed in this case. *See Delbridge v. Tennessee*, Case No. 3:19-cv-1147, Doc. No. 1 (Dec. 20, 2019). That case made no progress for over three years and, after being warned that his failure to prosecute may result in dismissal, Plaintiff voluntarily dismissed his complaint on January 29, 2023. (*Id.*, Doc. No. 13).

retaliated against for speaking with other employees about their rights under the ADA and FMLA. (*Id.*, ¶¶ 4-15).

Plaintiff filed a charge of discrimination against Defendant on October 22, 2018, alleging disability discrimination and retaliation "for assisting a disabled individual and for requesting a reasonable accommodation, in violation of the Americans with Disabilities Act of 2008." (*Id.*, ¶ I.5.A.; Doc. No. 23-1). Plaintiff's EEOC charge is limited to claims arising from a disability and associated retaliation; it makes no mention of discrimination based on age or any other protected category. The EEOC issued a Notice of Plaintiff's right to sue on September 26, 2019. (Doc. No. 23-2).

Defendant seeks dismissal of Plaintiff's ADA, ADEA, and THRA claims on the basis of Eleventh Amendment sovereign immunity, which falls under Federal Rule of Civil Procedure 12(b)(1), and of Plaintiff's Title VII claim for failure to state a claim, which falls under Federal Rule of Civil Procedure 12(b)(6). *See Stanley v. W. Mich. Univ.*, 105 F.4th 856, 863 (6th Cir. 2024).

## II. ANALYSIS

### A. Sovereign Immunity

Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright*, 751 F.3d at 759. Where, as here, a Rule 12(b)(1) motion challenges subject matter jurisdiction based on the face of the complaint, the court must consider

the allegations of fact in the light most favorable to the Plaintiff, but "need not presume the truth of factual allegations pertaining to [the court's] jurisdiction to hear the case." *Stanley*, 105 F.4th at 863 (internal quotation and citations omitted).

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Eleventh Amendment bars private actions against nonconsenting stated in federal court, unless Congress has abrogated the state's immunity or the state has waived its immunity. *See Stanley*, 105 F.4th at 863 ("The Eleventh Amendment bars actions 'against states unless they consent to be sued or Congress, pursuant to a valid exercise of its power, unequivocally expresses its intent to abrogate sovereign immunity.'") (quoting *Ashford v. Univ. of Mich.*, 89 F.4th 960, 969 (6th Cir. 2024)); *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003) ("[T]he Constitution does not provide for federal jurisdiction over suits against nonconsenting States."). The Supreme Court has held that, absent consent suits under the ADA and ADEA against nonconsenting states violate sovereign immunity. *See Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) (ADA); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (ADEA).

Plaintiff's response on this issue is limited to the argument that his claims should be "heard on the merits" because he was "regarded as having a disability." (Doc. No. 24 at 2). This misses the point and ignores the threshold question of whether this court *can* decide the case "on the merits." Plaintiff does not contend Defendant has consented to the suit or waived its immunity to suits under the ADA or ADEA. Given the clear holdings of *Kimel* and *Garrett*, Defendant's motion to dismiss Plaintiff's discrimination and retaliation claims under the ADA and ADEA will be granted.

3

Plaintiff's claim for discrimination under the THRA is also barred by Eleventh Amendment sovereign immunity. In response to Defendant's argument that it is immune from suit in federal court for claims under THRA (Doc. No. 23 at 6-7), Plaintiff provides a lengthy discussion of whether someone is "qualified" as disabled, but fails to squarely address the immunity argument or the law supporting that argument. (Doc. No. 24 at 2-5).

As Judge Richardson recently and accurately held, "Although the Tennessee Legislature has waived immunity to THRA suits in Tennessee courts, it has not done so for suits in federal courts. Federal courts in Tennessee have consistently held that suits against state entities brought by individuals under the THRA in federal court are disallowed by the Eleventh Amendment." *Chapman v. Tenn. Dep't of Transp.*, No. 3:19-cv-1128, 2021 WL 1110668, *2 (M.D. Tenn. Mar. 23, 2021) (internal citations omitted). Accordingly, Plaintiff cannot pursue THRA claims against Defendant in federal court.[2]

**B.      Failure to State a Claim**

The Amended Complaint references Title VII as a basis for jurisdiction and states that the "laws set out in Title VII apply to him and that he is protected under these laws." (¶¶ 6, 18). Plaintiff further alleges that Defendant "discriminated against him because of his age and disability" and retaliated against him for his "efforts to seek a reasonable accommodation for his age and disability". (¶¶ 18-21). Defendant seeks dismissal of Plaintiff's Title VII claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to plead that he was discriminated

---

[2]      Plaintiff does not refer to or cite the Tennessee Disability Act ("TDA") in the Amended Complaint. (Doc. No. 14). However, the Amended Complaint generally refers to disability in the section titled "State Human Rights Claim," and Plaintiff's response cites cases addressing the Tennessee Disability Act (Doc. No. 24 at 2). As with the THRA claim, the Eleventh Amendment and sovereign immunity bar TDA claims against the state in federal courts. *See Miller v. Tenn. Dep't of Human Servs.*, No. 3-15-1025, 2016 WL 3213641, at *3 (M.D. Tenn. Jun. 10, 2016).

against on the basis of characteristics protected by Title VII – race, color, religion, sex, or national origin – or that he experienced retaliation for engaging in conduct protected by Title VII. (Doc. 23 at 8). Defendant also argues that Plaintiff's EEOC charge is void of any reference to conduct covered by Title VII, thus Plaintiff failed to exhaust his administrative remedies.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs*., 679 F.3d 425, 429 (6th Cir. 2012).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn*., 528 F.3d 426, 430 (6th Cir. 2008). Defendant has filed a copy of the EEOC Charge and Notice of Right to Sue (Doc. Nos. 23-1, 23-1), which are appropriate for consideration because they are referred to in the Amended Complaint and central to the claim. (*see* ¶ I.5.A., B.).

Title VII prohibits discrimination in employment on the basis of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Title VII also prohibits an employer from retaliating against an employee who opposes an employment practice made unlawful under Title VII. *Id*. § 2000e-3(a). An employee alleging employment discrimination in violation of Title VII must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts. *See* 42 U.S.C. § 2000e–5(e)(1). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *Younis v. Pinnacle Airlines, Inc*., 610 F.3d 359, 361 (6th Cir. 2010) (citing 42 U.S.C. § 2000e-5(f)(1)).

Defendant's attack on plaintiff's Title VII claim is well taken. Plaintiff does not point to any allegations that he was discriminated against based on characteristics protected by Title VII or that his EEOC charge arguably included discrimination covered by Title VII; nor could he because both the Amended Complaint and the EEOC charge are void of any allegations that Plaintiff was discriminated against based on his race, color, religion, sex, or national origin. (*See* Doc. Nos. 14, 23-1). Instead, Plaintiff argues – without citing to the Amended Complaint – that he can pursue a claim under Title VII for retaliation for advising "other employees of their rights and protections under Title VII," one of whom was "of a protected class, race, and so Plaintiff asserts that he was targeted by his supervisors for this assistance to a member of a protected class." (Doc. No. 24 at 5). As Defendant correctly points out in its Reply, Plaintiff's Amended Complaint contains no such allegations. Instead, the Amended Complaint alleges Plaintiff had "talked with two other employees" about their rights under other statutes – the Americans with Disabilities Act and Family Medical Leave Act. (*See* Am. Compl., Doc. No. 14, ¶ 8). Moreover, Plaintiff failed to

6

Case 3:24-cv-00094    Document 29    Filed 10/08/24    Page 6 of 7 PageID #: 105

assert anything approaching a violation of Title VII in his EEOC charge. (*See* Doc. No. 23-1). Accordingly, Plaintiff's claim under Title VII fails as a matter of law and will be dismissed.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (Doc. No. 22) will be **GRANTED**. An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE